UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL TATE                                                                CIVIL ACTION

VERSUS                                                                     NO. 20-2316

DARREL VANNOY, WARDEN                                                      SECTION: "F"(1)

## REPORT AND RECOMMENDATION

Petitioner, Darryl Tate, a state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that his application be **DISMISSED WITH PREJUDICE**.

On November 8, 1982, petitioner pleaded guilty to second-degree murder and was sentenced to a mandatory term of life imprisonment without benefit of parole, probation, or suspension of sentence.[1] His conviction and sentence were affirmed on July 31, 1984.[2]

In the 1990s, petitioner sought habeas corpus relief in federal court. Relief was denied.[3]

In 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 567 U.S. 460, 465 (2012). Because petitioner was a juvenile when his offense was committed, he filed a motion to correct an illegal sentence in the state district court, arguing that his sentence was unconstitutional under Miller.[4] Although the state district court denied him relief,[5] the Louisiana Fourth Circuit Court of Appeal

---

[1] State Rec., Vol. 1 of 4, transcript of November 8, 1982. He also pleaded guilty to attempted first-degree murder and armed robbery; however, those convictions and the resulting sentences are not challenged in this proceeding.
[2] State v. Tate, 454 So. 2d 391 (La. App. 4th Cir. 1984); State Rec., Vol. 1 of 4.
[3] Tate v. Cain, Civ. Action No. 97-2244 (E.D. La. Apr. 28, 1998).
[4] State Rec., Vol. 2 of 4.
[5] State Rec., Vol. 2 of 4, Order dated October 29, 2012.

granted his related writ application and ordered that his case be "remanded for reconsideration after conducting a sentencing hearing in accord with the principles enunciated in Miller and stating the reasons for reconsideration and sentencing on the record...."[6] However, the Louisiana Supreme Court then reversed that judgment and reinstated the judgment of the state district court, holding: "Miller does not apply retroactively in cases on collateral review as it merely sets forth a new rule of criminal constitutional procedure, which is neither substantive nor implicative of the fundamental fairness and accuracy of criminal proceedings."[7] The United States Supreme Court thereafter denied petitioner's related petition for writ of certiorari.[8]

Petitioner then filed a federal habeas corpus petition seeking relief under Miller.[9] After that application was filed, the United States Supreme Court held that Miller was in fact retroactive to cases on collateral review. Montgomery v. Louisiana, 577 U.S. 190 (2016). As a result, United States District Judge Martin L.C. Feldman granted petitioner relief and ordered that "the state trial court shall hold a hearing on the petitioner's underlying motion to correct illegal sentence in a manner consistent with Miller and Montgomery."[10] The state district court then vacated petitioner's sentence[11] and later resentenced him to a term of life imprisonment **with** the benefit of parole.[12]

---

[6] State v. Tate, No. 12-1671 (La. App. 4th Cir. Dec. 19, 2012); State Rec., Vol. 2 of 4.
[7] State v. Tate, 130 So. 3d 829 (La. 2013).
[8] Tate v. Louisiana, 572 U.S. 1137 (2014).
[9] The United States Fifth Circuit Court of Appeals granted petitioner authorization to file the successive petition. In re Tate, No. 14-31105 (5th Cir. Oct. 29, 2014).
[10] Tate v. Cain, Civ. Action No. 14-2145, 2016 WL 1598602 (E.D. La. Apr. 21, 2016).
[11] State Rec., Vol. 1 of 4, Order dated February 15, 2017.
[12] State Rec., Vol. 1 of 4, transcript of August 15, 2017; State Rec., Vol. 1 of 4, minute entry dated August 15, 2017.

Petitioner subsequently filed a motion to correct an illegal sentence challenging that new sentence.[13]  The state district court denied his motion on March 28, 2019,[14] and his related writ applications were likewise denied by the Louisiana Fourth Circuit Court of Appeal on July 24, 2019,[15] and the Louisiana Supreme Court on July 24, 2020.[16]

However, on October 25, 2019, the state district court then granted petitioner an out-of-time appeal to allow him to challenge his new sentence.[17]  The Louisiana Fourth Circuit Court of Appeal recently affirmed the new sentence on September 29, 2021.[18]  It is unclear whether petitioner has sought – or intends to seek – further direct review by filing a writ application with the Louisiana Supreme Court.

In the interim, while his out-of-time appeal was pending, petitioner filed this federal habeas corpus application challenging his new sentence.[19]  The state filed a response in opposition,[20] to which petitioner filed a reply.[21]

### I.  Timeliness

In its response, the state first argues that petitioner's federal application is untimely.  On that argument, the state is clearly wrong.

---

[13] State Rec., Vol. 1 of 4.
[14] State Rec., Vol. 2 of 4, Rulings dated March 28, 2019.
[15] State v. Tate, No. 2019-K-0450 (La. App. 4th Cir.  July 24, 2019); State Rec., Vol. 2 of 4.
[16] State v. Tate, 299 So. 3d 71 (La. 2020); State Rec., Vol. 2 of 4.
[17] State Rec., Vol. 1 of 4, Ruling dated October 25, 2019.
[18] State v. Taylor, ___ So. 3d ___, 2021 WL 4465613 (La. App. 4th Cir. Sept. 29, 2021).
[19] Rec. Doc. 1.  Because petitioner's new sentence was imposed after the prior federal habeas corpus proceedings concluded, and because the instant petition challenges only that new sentence, it is not a "second or successive" petition which requires authorization for filing.  See Terrick v. Vannoy, Civ. Action No. 19-985, 2020 WL 2866603, at *6 (E.D. La. Jan. 13, 2020), adopted, 2020 WL 1271138 (E.D. La. Mar. 17, 2020), certificate of appealability denied, 2021 WL 1390386 (5th Cir. Mar. 19, 2021), cert. denied, 2021 WL 4507967 (U.S. Oct. 4, 2021); see also Smith v. Vannoy, Civ. Action No. 20-258, 2021 WL 3605195, at *4 (E.D. La. July 27, 2021), adopted, 2021 WL 3603326 (E.D. La. Aug. 13, 2021).
[20] Rec. Doc. 15.
[21] Rec. Doc. 16.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is generally required to bring his § 2254 claims within one (1) year of the date on which his underlying state criminal judgment became "final." 28 U.S.C. § 2244(d)(1)(A). However, a state criminal judgment is not considered final under the AEDPA until **both** the conviction **and** the sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011).

Here, as noted, petitioner is currently incarcerated based on a new sentence imposed on August 15, 2017, and it is the constitutionality of that new sentence which he challenges in this federal application. Moreover, as also noted, petitioner was granted an **out-of-time appeal** with respect to that new sentence. Regarding such appeals, the United States Fifth Circuit Court of Appeals has explained:

> 28 U.S.C. § 2244(d)(1) restricts the time for filing a writ of habeas corpus to no longer than one year after "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under Jimenez [v. Quarterman, 555 U.S. 113, 129 S.Ct. 113 (2009)], **when a petitioner is granted the right to file an out-of-time appeal, the limitations period for the filing of a § 2254 petition starts anew**. 129 S.Ct. at 686. **The date upon which a conviction becomes final for the calculation of the § 2254 time limitation in such a situation is the "conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal."** Id. at 686-87. In deciding Jimenez, the Supreme Court cited a Texas case for the proposition that "the order granting an out-of-time appeal restored the pendency of the direct appeal." 129 S.Ct. at 686. The grant of an out-of-time appeal in Louisiana is, similarly, a "reinstatement of [the] right to appeal." State v. Counterman, 475 So.2d 336, 339 (La. 1985). See also Lee v. Cain, ––– U.S. –––, 129 S.Ct. 995, 173 L.Ed.2d 286 (2009) (vacating and remanding for consideration in light of Jimenez case in which district court had applied Salinas to § 2254 petition arising from case in which Louisiana court had granted out-of-time appeal on postconviction review).

Brooks v. Cain, 354 F. App'x 870, 871-72 (5th Cir. 2009) (emphasis added).

Because petitioner's out-of-time appeal was still pending when this federal application was filed, it was not final at that time. Therefore, his one-year federal limitations period for challenging his new sentence had not even commenced, much less expired. Accordingly, the state's argument that the application is untimely should be rejected.

## II.  Exhaustion

The state next argues that, in light of his out-of-time appeal, petitioner's claims challenging the constitutionality of his new sentence were unexhausted at the time this federal application was filed. Exhaustion is normally required. Specifically, federal law provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> 
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> ….
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

In his reply, petitioner counters that he should not be required to wait for federal review. His argument raises an interesting question, given the unconventional way in which he has pursued his rights in the state courts.

On the one hand, at the time his federal application was filed, petitioner still had a direct appeal pending concerning his resentencing. Generally, "when an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his direct appeal before his state remedies are exhausted, even where the issue to be challenged in the federal

5

writ of habeas corpus has been finally resolved in the state courts." Brian R. Means, Federal Habeas Manual § 9C:47 (May 2021 Update). As noted, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's new sentence only weeks ago, and it is unclear whether he is seeking further direct review by filing a writ application with the Louisiana Supreme Court.

On the other hand, even before being granted that out-of-time appeal, petitioner had **previously presented his instant claims** to all three levels of the state court system in connection with his 2019 motion to correct an illegal sentence. Therefore, his claims here have already been rejected once by the state courts (including the Louisiana Supreme Court) on the merits, and it is clear that "[m]ultiple exhaustion to the state's highest court is not required even though multiple remedies might theoretically be available." Id. at § 9C:19; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through **one** complete round of the State's established appellate review process." (emphasis added; quotation marks omitted)); Quatrevingt v. Cain, No. 01-30523, 2001 WL 1485849, at *2 (5th Cir. 2001) ("A petitioner has exhausted his state law remedies if he has presented the argument for relief to the state's highest court **at least once**." (emphasis added)).

In light of this peculiar sequence of events, it is unclear whether petitioner should be required to await any further state court rulings for his remedies to be deemed exhausted. However, fortunately, this Court is not required to decide that issue definitively, because a federal court may deny a claim on the merits even if the claim has not been properly exhausted. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

State."). That course is recommended here, given that petitioner's claims do not warrant federal relief on the merits for the following reasons.

### III.  Merits

Petitioner's first claim is that his new sentence is unconstitutional under <u>Miller v. Alabama</u>, 567 U.S. 460 (2012). That claim is patently meritless.

As previously noted, the United States Supreme Court held in <u>Miller</u> that "mandatory life **without** parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" <u>Miller</u>, 567 U.S. at 465 (emphasis added). But **petitioner's sentence does not contain a parole restriction**; on the contrary, it **expressly grants him parole eligibility**. Therefore, <u>Miller</u> in no way bars petitioner's sentence. As the United States Fifth Circuit Court of Appeals explained when addressing a similar petitioner's claims:

> [Petitioner] misapprehends the constitutional right recognized in <u>Miller</u>. The Supreme Court held only that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison *without* possibility of parole for juvenile offenders." <u>Miller</u>, 567 U.S. at 479, 132 S.Ct. 2455 (emphasis added). It does not disallow sentences of life imprisonment *with* the opportunity for parole for a juvenile homicide offender.

<u>Jackson v. Vannoy</u>, 981 F.3d 408, 417 (5th Cir. 2020); <u>accord</u> <u>Smith v. Vannoy</u>, Civ. Action No. 20-258, 2021WL 3605195, at *6-9 (E.D. La. July 27, 2021), <u>adopted</u>, 2021 WL 3603326 (E.D. La. Aug. 13, 2021). In fact, the United States Supreme Court has even observed: "A State may remedy a <u>Miller</u> violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." <u>Montgomery v. Louisiana</u>, 577 U.S. 190, 212 (2016). Obviously, therefore, petitioner's sentence to life **with parole** cannot be said to run afoul of <u>Miller</u>.

Petitioner's second and final claim is more convoluted, but it essentially appears to proceed as follows:

(1)     Petitioner was convicted of second-degree murder under La. Rev. Stat. Ann. § 14:30.1.

(2)     That statute mandates: "Whoever commits the crime of second degree murder **shall** be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." La. Rev. Stat. Ann. § 14:30.1(B) (emphasis added)

(3)     Petitioner was originally sentenced to that **mandatory** penalty.

(4)     Miller then held that sentencing a juvenile offender to a **mandatory** term of life imprisonment without parole violates of the Eighth Amendment's guarantee against cruel and unusual punishment.

(5)     At the time Miller was decided, Louisiana law provided: "A sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment **unless the statute under which it is imposed is found unconstitutional**." La. Code Crim. P. art. 878 (emphasis added).

(6)     Because petitioner's sentence **was** set aside under Miller because it constituted cruel and unusual punishment then, **pursuant to article 878**, it necessarily follows that the statute under which petitioner was convicted, La. Rev. Stat. Ann. § 14:30.1, was unconstitutional.

(7)     Because petitioner was convicted under an unconstitutional statute, he is entitled to have his conviction vacated.

Despite the intriguing novelty of petitioner's claim, it simply is not cognizable in this federal habeas corpus proceeding because it is premised on **state law** (namely, article 878), with petitioner arguing that the state courts erroneously applied that state law. But federal habeas corpus relief may be granted only to remedy violations of the federal Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983); Brown v. Tanner, Civ. Action No. 11-1102, 2011 WL 4746563, at *4 (E.D. La. Aug. 29, 2011), adopted, 2011 WL 4746104 (E.D. La. Oct. 6, 2011). Moreover, in any event, "[i]t is beyond cavil that the state courts are the final arbiters of state law." Hamm v. Deville, Civ. Action No. 15-5012, 2016 WL 8578101, at *7 (E.D. La. Apr. 20, 2016), adopted, 2017 WL 1079253 (E.D. La. Mar. 22, 2017); accord Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled."); Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law."). In this case, the state courts rejected petitioner's interpretation of state law, and that should be the end of the matter for federal purposes. See, e.g., Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (internal citation and quotation marks omitted)).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Darryl Tate be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   28th   day of October, 2021.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**